IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,373-01






EX PARTE ROBERT EDMON BRADEN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 344856 IN THE 262
ND DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.



O R D E R




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3. Applicant was convicted of
murder and punishment was assessed at confinement for forty years. There was no appeal
from this conviction.

 Applicant contends that he has not received credit for time he was confined
pursuant to parole violator warrants in this cause. The trial court has entered findings of
fact that affidavits from the Texas Department of Criminal Justice, Criminal Institutions
and Parole Divisions are true. However, Applicant has presented documentation that
authorities in Seminole County, Florida, placed a parole violator hold on Applicant before
the date the Parole Division indicates a parole violator warrant was executed in 2002, and
did not remove another hold for several weeks after a warrant was withdrawn in 2000. 
The trial court has not addressed the accuracy of Applicant's proffered documents.

 It is this Court's opinion that additional facts need to be developed, and since this
Court cannot hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App.
1960), the trial court is the appropriate forum. The trial court may resolve those issues as
set out in Article 11.07, § 3(d), TEX.CODE CRIM.PROC., in that it may request
documentation from authorities in Seminole County, Florida, as to when a hold was
placed and then lifted in 2000 or 2001 for the parole violator warrant in this cause, or it
may order a hearing.

 If the trial court elects to hold a hearing the court shall first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent, and Applicant
desires representation by counsel, the trial court shall then appoint an attorney to represent
him at the hearing pursuant to the provisions of Article 26.04, TEX.CODE CRIM.PROC.

 Following the receipt of additional information the trial court shall make additional
findings of fact as to what dates that Applicant was confined by Florida authorities
pursuant to parole violator warrants in this cause.

 This application for post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 60 days of the date of this order. (1) A supplemental
transcript containing any affidavits, exhibits, or transcription of the court reporter's notes
from any evidentiary hearing, along with the trial court's supplemental findings of fact
and conclusions of law, shall be returned to this Court within 90 days of the date of this
order. (2) 




DELIVERED: August 30, 2006

DO NOT PUBLISH

1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.